Last revised: August 1, 2017

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:  Erica C. Clark

Case No.:  _16-31591

Judge:  __Papalia

Debtor(s)

### Chapter 13 Plan and Motions

☐ Original         ☒ Modified/Notice Required         Date:  ___November 7, 2017

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _JKC_        Initial Debtor: _EC_        Initial Co-Debtor: _____

| Part 1: | Payment and Length of Plan |
|---|---|

a. The debtor shall pay $ ___219____ per ____month____ to the Chapter 13 Trustee, starting on _____December 1, 2017_____ for approximately _____48_____ months. Debtor has paid thus far $1,463.00 into the plan during the past 12 months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:**   **Adequate Protection** ☒ **NONE**

    a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:**   **Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE Marie Ann Greenberg | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE – Nicholas Fitzgerald | ADMINISTRATIVE | BALANCE DUE: $ 2,500 |

    b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
    Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: |  |  |

### Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Chase Auto Finance | 2016 Honda Accord LX | $881.70 | 0.00 | 881.70 | $488.00 |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

4

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ NONE

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

**Part 5:    Unsecured Claims ☐ NONE**

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than ___100 %___ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| Navient Solutions on Behalf of NJHEAA (Claim #3) | Student Loan, non-dischargable | Paid outside of plan | $0.00 |
| Navient Solutions on Behalf of Department of Education Loan Services (Claims #6) | Student Loan, non-dischargable | Paid through plan | $4842.93 |

**Part 6:    Executory Contracts and Unexpired Leases ☐ NONE**

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

6

| Landlord | 0.00 | Residential Lease | Assumed | $572.00 |
|---|---|---|---|---|

**Part 7:  Motions  ☒ NONE**

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

**Part 8:    Other Plan Provisions**

### a. Vesting of Property of the Estate

☒ Upon confirmation

☐ Upon discharge

### b. Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Administrative/Priority_____
3) Secured _____
4) Unsecured _____

### d. Post-Petition Claims

The Standing Trustee ☒ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:  Modification  ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: __2/24/17_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Debtor is not eligible for discharge and must pay all her claims. She cannot afford previous payment and most of the debt of the claims (approx 12K) is student loans. | Change treatment of one of the student loans to outside of the plan and reduce payments for remaining 48 months of the plan. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: __11/7/17__                              _____
                                               Attorney for the Debtor

Date: __11/7/17__                              _____
                                               Debtor

Date: _____                          _____
                                               Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: __11/7/17__                              _____
                                               Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: __11/7/17__                              _____
                                               Debtor

Date: _____                          _____
                                               Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                              Case No. 16-31591-VFP
Erica C. Clark                                                                      Chapter 13
   Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-2            User: admin                Page 1 of 1           Date Rcvd: Nov 08, 2017
                                Form ID: pdf901            Total Noticed: 20

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 10, 2017.
```
db            +Erica C. Clark,    1055 Bond Street, #1,    Elizabeth, NJ 07201-1473
516642243     +Capital One,    PO Box 30285,    Salt Lake City UT 84130-0285
516642244     +Credit One Bank,    PO Box 97773,    Las Vegas, NV 89193-7773
516642245     +Dept of Ed/Navient,    Attn: Claims Dept,    PO Box 9400,    Wilkes Barre, PA 18773-9400
516675100     +Elizabethtown Gas,    520 Green Lane,    Union, NJ 07083-7796
516642246     +Midwest Recovery Systems,    2747 W. Clay Street,    Saint Charles, MO 63301-2557
516709647     +Navient Solutions, Inc. on behalf of,    NJHEAA,    PO BOX 548,    Trenton, NJ 08625-0548
516862610      Navient Solutions, LLC. on behalf of,    Department of Education Loan Services,    PO BOX 9635,
                Wilkes-Barre, PA 18773-9635
516675101     +PSE&G,    80 Park Place, T5D,    Newark, NJ 07102-4194
516652327      State of New Jersey,    Motor Vehicle Violations Surcharge,    PO Box 4850,
                Trenton, NJ 08650-4850
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg            E-mail/Text: usanj.njbankr@usdoj.gov Nov 08 2017 22:44:10    U.S. Attorney,    970 Broad St.,
                Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Nov 08 2017 22:44:07     United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                Newark, NJ 07102-5235
516710774     +E-mail/Text: g20956@att.com Nov 08 2017 22:44:41     AT&T Mobility LLC,    AT&T Services, Inc.,
                Karen A, Cavagnaro,    One AT&T Way Room 3A104,    Bedminister, NJ 07921-2693
516494499     +E-mail/Text: bk.notifications@jpmchase.com Nov 08 2017 22:43:57     Chase Auto Finance,
                National Bankruptcy Dept,    201 N Central Ave Ms Az1-1191,    Phoenix, AZ 85004-1071
516602482      E-mail/Text: bk.notifications@jpmchase.com Nov 08 2017 22:43:57     JPMorgan Chase Bank, N.A.,
                National Bankruptcy Department,    P.O. Box 29505   AZ1-1191,    Phoenix, AZ 85038 - 9505
516642247     +E-mail/PDF: pa_dc_claims@navient.com Nov 08 2017 22:46:33     Navient,    Attn: Claims Dept,
                PO Box 9500,    Wilkes Barre, PA 18773-9500
516725359      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Nov 08 2017 22:47:18
                Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.a.,    POB 41067,
                Norfolk VA 23541
516675102     +E-mail/Text: bankruptcy@pseg.com Nov 08 2017 22:43:25     PSE&G,    PO Box 490,
                Cranford, NJ 07016-0490
516642248     +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Nov 08 2017 22:52:41     Spot Loan,
                by American InfoSource LP,    PO Box 248838,    Oklahoma City, OK 73124-8838
516520150      E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Nov 08 2017 23:03:26     Spot Loan,
                by American InfoSource LP as agent,    PO Box 248838,    Oklahoma City, OK  73124-8838
                                                                                              TOTAL: 10
```

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 10, 2017                                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 7, 2017 at the address(es) listed below:
```
              Denise E. Carlon    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Jenee K. Ciccarelli    on behalf of Debtor Erica C. Clark jeneeciccarelli.fitzlaw@gmail.com,
               nadiafinancial@gmail.com
              Marie-Ann Greenberg    magecf@magtrustee.com
              Nicholas Fitzgerald    on behalf of Debtor Erica C. Clark nickfitz.law@gmail.com
              Sarah J. Crouch    on behalf of Debtor Erica C. Clark nickfitz.law@gmail.com,
               nadiafinancial@gmail.com;fitzgeraldnj@stratusbk.com
                                                                                             TOTAL: 5
```